IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WANDA ROLON, *et al.*,<br><br>**Plaintiffs**<br><br>v.<br><br>UNIVISION TELEVISION GROUP, INC.,<br><br>**Defendant.** | **CIVIL NO.** 11-1903 (JAG) |

**OPINION & ORDER**

Garcia-Gregory, D.J.

Defendant Univision Television Group, Inc. ("Univision") moves the Court to abstain from deciding the present case under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), and Wilton v. Seven Falls, 515 U.S. 277 (1995). Upon consideration of Univision's motion, as well as the opposition filed by Plaintiffs Wanda Rolon, Pablo Ortega and the conjugal partnership comprised between them ("Plaintiffs"), the Court finds that this is one of those rare cases in which abstention is proper. The Court therefore GRANTS Univision's motion. Under Colorado River, a district court may elect to stay or dismiss the case in question. On the circumstances present here, the Court finds it proper to dismiss this case without prejudice.

**BACKGROUND**

On October 20, 2010, Plaintiffs filed a tort action in state court against Univision Puerto Rico, reporter Yolanda Velez Arcelay, her husband and the conjugal partnership comprised between them. (Docket No. 22-1). The complaint sought damages for alleged defamation and slander suffered at the hands of the state court defendants. (Docket No. 9, p. 2). Further, the complaint requested declaratory judgment on an issue apparently unresolved by the Puerto Rico Supreme Court. (Id.).

On September 24, 2011, Plaintiffs filed an action in diversity against defendant Univision Television Group, Inc., alleging the same facts and seeking the same relief as the suit filed in state court.[1] (Docket No. 9, p. 2; Docket No. 22-1). Like its state-court counterpart, the federal complaint is essentially a slander and defamation action brought under the Constitution of Puerto Rico, the Libel and Slander Act of 1902,

---

[1] Plaintiffs had originally filed the federal action on October 20, 2010. (See Civ. No. 10-2018 (JAG)). However, Plaintiffs moved to dismiss that case without prejudice under Rule 41 in August 2011. The Court granted their request, and judgment was entered on September 12, 2011. Just two days after entry of judgment, Plaintiffs sued again, filing the same complaint against the same defendant in federal court. This time, the case was assigned to Judge Dominguez. Suspecting that Plaintiffs were judge-shopping, Univision filed a motion requesting a transfer to this Court. Judge Dominguez granted Univision's request, and with this Court's consent, the case was transferred back to the undersigned's docket.

and Puerto Rico's tort statute, Article 1802 of the Puerto Rico Civil Code. (See Docket No. 1, p. 32).

Apart from damages, the present complaint petitions the Court to "declare the respective rights and duties of the parties in this matter." (Id.). Finally, Plaintiffs request that "the matter concerning the applicability of presumptions in defamatory cases be certified to the Supreme Court of Puerto Rico through a Writ of Certification prior to the final adjudication of all claims brought before this Honorable Court." (Id.).

**ANALYSIS**

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction and resolve matters properly before them. Colorado River, 424 U.S. at 817. There are exceptions to this rule, and departure from it is allowed under "exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996). One of these exceptions, established by the Supreme Court in Colorado River, allows a federal court to decline the exercise of jurisdiction upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817

(quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)).

To determine whether abstention is proper, the Court must assess whether this case presents exceptional circumstances that "tip a scale heavily weighted in favor of the exercise of federal jurisdiction." Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 115 (1st Cir. 2012). Over the years, federal caselaw has amassed a series of factors that help a district court make this determination. To wit:

1. whether either court has assumed jurisdiction over a res;
2. the geographical inconvenience of the federal forum;
3. the desirability of avoiding piecemeal litigation;
4. the order in which the forums obtained jurisdiction;
5. whether state or federal law controls;
6. the adequacy of the state forum to protect the parties' interests;
7. the vexatious or contrived nature of the federal claim;
8. respect for the principles underlying removal jurisdiction.

Nazario-Lugo, 670 F.3d at 115. This list is not exhaustive, and no single factor is determinative.

The decision "to yield jurisdiction under the Colorado River doctrine must rest on the clearest of justifications displayed by exceptional circumstances." Id. (citing Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 25 (1983); Colorado River, 424 U.S. at 818-19). The Court will now examine whether Univision's arguments tip the scale convincingly in the direction of abstention.

The Court will streamline this analysis by noting that factors 1, 2, 6, 7 and 8 are relatively inconsequential to our analysis. First, neither court here has assumed jurisdiction over a *res*. Second, both forums are equally convenient in geographical terms. Third (sixth factor), given that the complaint relies exclusively on state law, there can be no doubt that the Puerto Rico forum is well-equipped to protect the parties' interests. See United States v. Fairway Capital Corp., 483 F.3d 34, 43 (1st Cir. 2007) (holding that the adequacy of the state forum is relevant only when it would disfavor abstention). Fourth (seventh factor), there is no federal claim asserted here. Finally (eighth factor), since this case is not before the Court on a removal petition, nor does it seem that the principles underlying removal jurisdiction are injured, the eighth factor is also inconclusive.

The Court also discards from the outset Plaintiffs' argument that Colorado River analysis is precluded because there is no parallel state action asserted against the federal defendant here. Several circuits have held that the parallel nature of the lawsuits is not defeated merely because the plaintiff chose to sue some parties in state court and others in federal court. See Sto Corp. v. Lancaster Homes Inc., 11 Fed.Appx. 182, 187 (4th Cir. 2001); see also Nakash v. Marciano,

882 F.2d 1411, 1417 (9th Cir. 1989) (stating that courts "should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation."). This rings especially true when, as is the case here, the underlying facts and the claims asserted in both forums are essentially the same.

With the stage set, the Court will proceed to examine whether Colorado River abstention is appropriate under the third, fourth and fifth factors outlined above.

Avoiding Piecemeal Litigation

The First Circuit has clarified that, in assessing this factor, courts should not focus on the "risk of inexpediency," Nazario-Lugo, 670 F.3d at 119, or the "routine inefficiency that is the inevitable result of parallel proceedings." Jimenez v. Rodriguez-Pagan, 597 F.3d 18, 29 (1st Cir. 2010). Similarly immaterial is the fact that both forums could end up deciding the same issue. KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 10-11 (1st Cir. 2003). Instead, the Court must center its analysis "on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other." Id. (internal quotation marks and citations omitted).

The benchmark for abstention under this factor is whether there is a federal policy in favor, or against, piecemeal litigation. See Colorado River, 424 U.S. at 819 (finding abstention appropriate in case where federal law created policy of avoiding piecemeal litigation with respect to water rights); cf. Moses H. Cone, 460 U.S. at 20 (holding abstention inappropriate because Federal Arbitration Act *required* piecemeal litigation). Here, however, there is no federal policy in sight. But the First Circuit has acknowledged that the "potential for fragmented adjudication, to be distinguished from merely duplicative adjudication," is a factor that militates in favor of abstention even in the absence of any federal policy on the matter. Jimenez, 597 F.3d 18 (citing Sto Corp. v. Lancaster Homes, Inc., 11 Fed.Appx. 182, 188 (4th Cir. 2001); Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc., 48 F.3d 294, 298 (8th Cir. 1995); Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1373 (9th Cir. 1991), overruled on other grounds, Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998)).

The policies that undergird Colorado River abstention are rooted in considerations of efficiency and favor the "comprehensive disposition of litigation." Colorado River, 424 U.S. at 817. The Eighth Circuit noted that this policy is best served by choosing the forum that holds the "most complete

action." See Federated Rural Elec. Ins. Corp., 48 F.3d 294 at 298. Accordingly, this type of abstention is well-suited to those cases where, as here, "non-diverse parties are joined in the state-court action but not the federal action." Jimenez, 597 F.3d at 30.

In Sto Corp., the Fourth Circuit decided along these lines. There, the plaintiff sued in both the federal and state forum, but one of the state-court defendants was not joined in the federal action. Sto Corp., 11 Fed.Appx. at 182. The Fourth Circuit found that the potential for piecemeal litigation existed because a ruling on the federal defendant's liability may not have reached the state-court defendant, thus leaving an issue open for resolution in state court. Id. at 188; see also Jimenez, 597 F.3d at 30 (finding abstention appropriate where state court action could comprehensively adjudicate defendants' liability to diverse and non-diverse plaintiffs).

Like in Sto and Jimenez, the potential for fragmented and inconsistent litigation here weighs in favor of abstention. Plaintiffs claim that reporter Yolanda Velez-Arcelay, employed by Univision Puerto Rico,[2] "viciously defamed and slandered

---

[2] "Univision Puerto Rico" is a named defendant in the state court complaint. (See Docket No. 22-1). Though Univision Puerto Rico is not mentioned in the complaint filed here, the pleadings allow for an inference that Univision Television Group, the

Plaintiff Rolón" by falsely accusing Rolón of making illegal campaign contributions with religious funds, and "by tying her to a group of three other religious leaders whose names appeared on the internet as being actively engaged in politics at the expense of their congregations." (Docket No. 1, ¶ 20-21). At some point in the television show, furthermore, a suggestion was made that "the religious leaders engaged in illegal money laundering activities, which are proscribed under Article 228 of the Penal Code of Puerto Rico." (Id. at ¶ 23).

In the federal action, Plaintiffs essentially claim that defendant Univision is vicariously liable for the defamatory expressions made by its employee.[3] Consequently, the resolution of this issue depends on the resolution of the underlying claim against the reporter. While the state court could comprehensively adjudicate both the liability of the reporter and that of Univision, this Court cannot, for there is no complete diversity among all parties. Consequently, the "most complete action," or at least the one which has the potential of

---

federal defendant here, controls or otherwise owns Univision Puerto Rico. (See Docket No. 1, ¶ 5-15).

[3] Plaintiffs assert that, "[s]ince defendant UTG is the owner of both WLII and WSUT-TV and as such exercised complete control and/or tutelage over both television stations, upon information and belief, the transmission aired on September 27, 2010 on which the plaintiff Wanda Rolón was publicly defamed by reporter Yolanda Velez-Arcelay **was broadcasted with the consent, authorization and/or approval of defendant UTG.**" (Docket No. 1, ¶ 32)(our emphasis).

being so, is clearly the one in state court. The Court also notes that, if this action is allowed to remain, our decision here could potentially lie at odds with the one in the local court. The claim asserted by Plaintiffs against Univision is in a sense dependent of the one made against the reporter; for instance, it would not be consistent for this Court to find Univision liable if the state court finds that the comments made by the reporter are not defamatory. Given the preference towards comprehensive disposition of litigation, the Court finds this factor tilts the scale heavily towards abstention.

Fourth Factor: Order in which Jurisdiction Was Obtained

This factor also favors abstention. Though Plaintiffs initially filed suit in both forums at the same time, they later voluntarily dismissed without prejudice the federal action. In an apparent judge-shopping attempt, Plaintiffs filed anew in federal court. (See Footnote 1, *supra*). At this point, then, a span of one year separated their state and federal suits.

Nevertheless, the matter is not settled by looking at which complaint was filed first. The Court must also look at the progress each case has made in both forums. See Moses H. Cone, 460 U.S. at 21. This case is unfortunately still at the pleading stages, due in part to Plaintiff's dismissal of the first case, and also because of the congestion of civil cases in this Court.

In contrast, by the time the present motions were fully briefed (around eight months ago), the state court case was already at an advanced stage. By that time, interrogatories had been exchanged and answered and depositions had been taken. Furthermore, the state court had scheduled a pretrial hearing for February 21, 2012. (See Docket No. 22, p. 2). Therefore, it cannot be disputed that the state case is, for better or worse, "running well ahead" of this one. Moses H. Cone, 460 U.S. at 22. Consequently, this factor clearly weighs in favor of abstention.

Fifth Factor: Whether State or Federal Law Controls

This factor presents perhaps the most compelling reason to abstain under Colorado River in this case. To start with, the case at bar presents no issue of federal law whatsoever. Instead, the entire complaint is grounded exclusively under the laws and constitution of Puerto Rico. (See Docket No. 1).

Not only that, but both parties agree that the complaint poses a novel legal issue based on Puerto Rico constitutional law. In essence, Plaintiffs argue that the Constitution of Puerto Rico -in contrast to the federal standard of law regarding defamation- allows for a "judicial presumption which shifts the burden of proof [in a defamation case] to the defendant." (Docket No. 1, ¶ 69). Plaintiffs have asked this Court to certify the matter to the Supreme Court of Puerto Rico.

**CIVIL NO.** 11-1903 (JAG)                                                                                         12

According to defendants, the complaint filed in state court also asks that court to certify the same question. It is unclear whether the state court actually granted the request. To date, however, the parties have not informed the Court of any decision by the Supreme Court on the matter. And absent such a decision, this Court would have to resolve the issue itself. The novel nature of Plaintiff's argument, coupled with the fact that it probably poses a difficult question of Puerto Rican constitutional law, forces the conclusion that this factor weighs heavily in favor of abstention. See Jimenez, 597 F.3d at 30 ("abstention may be preferable when the parties' claims present particularly novel, unusual or difficult questions of legal interpretation") (citing Elmendorf Grafica, Inc. v. D.S. Am. (East), Inc., 48 F.3d 46, 52 (1st Cir. 1995)).

A Final Note

Univision also argues that this Court has discretion to abstain under Wilton v. Seven Falls, 515 U.S. 277 (1995), because Plaintiffs request declaratory relief. While this would be true if Plaintiffs had *only* requested declaratory relief, the fact that the complaint also requests damages adds an exponential and unnecessary degree of complexity to this analysis.

Normally, if a federal plaintiff seeks coercive relief, such as damages or an injunction, a district court may abstain only in the presence of "exceptional circumstances." Colorado River, 424 U.S. at 817. In contrast, a different standard applies if what is sought is declaratory relief. In that case, "a district court has broad discretion to stay the federal action as long as the necessary parties have been joined in the state court proceeding and the claims of all parties in interest can satisfactorily be adjudicated by that tribunal." Massachusetts Biologic Laboratories of the University of Massachusetts v. MedImmune, LLC, 2012 WL 2552317, *3 (D.Mass. 2012)(citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 281-90 (1995)).

The problem lies where the district court is faced with a mixed complaint, seeking both declaratory and coercive relief. In this situation, there is a gargantuan split among the Circuits on the question of which standard to apply. At least *five* distinct approaches have emerged. See New England Ins. Co. v. Barnett, 561 F.3d 392, 395-96 (5th Cir. 2009) (cataloguing the approaches). As of today, the First Circuit has yet to take a clear position on which of these approaches it will choose, or whether it will fashion its own. MedImmune, 2012 WL 2552317 *5.

Given that the Court believes abstention under the tougher "exceptional circumstances" test is appropriate here, it will decline to address Univision's argument regarding Seven Falls and Brillhart at this juncture.

## CONCLUSION

Considering all the relevant factors discussed above, and giving due regard to "conservation of judicial resources and comprehensive disposition of litigation," Colorado River, 424 U.S. at 817, the Court hereby abstains from deciding this case. Judgment shall therefore be entered dismissing this case **without prejudice**.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of September, 2012.

                                       S/ Jay A. Garcia-Gregory
                                         JAY A. GARCIA-GREGORY
                                       United States District Judge